UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 21-cr-20461-KING/Damian

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

DENY ALBERTO GAYOSO SANTANA,

    Defendant.
    _____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the Court following an Order of Reference to conduct a proceeding for acceptance of a guilty plea by Defendant Deny Alberto Gayoso Santana. [ECF No. 12]. Based upon the change of plea hearing conducted on March 1, 2022, this Court makes the following findings, and recommends that the guilty plea be accepted.

    1.    The undersigned advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney, and the Assistant United States Attorney all consented on the record to the undersigned conducting the change of plea hearing.

2. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

3. Defendant pled guilty to Counts 1 and 9 of the Indictment, which charge him with use of unauthorized access devices, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2, and aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1). I advised Defendant that the maximum sentence the Court could impose on Count 1 is a term of ten years imprisonment; followed by a term of supervised release of up to three years; a fine of up to $250,000 or twice the gross gain or gross loss resulting from the offense; and a mandatory special assessment of $100.00, which Defendant has agreed is due to be paid at the time of sentencing. I also advised Defendant that, as to Count 9, the Court must impose two (2) years of imprisonment to run consecutive to any sentenced imposed as to Count 1; followed by a term of supervised release of up to one year; a fine of up to $250,000 or twice the gross gain or gross loss resulting from the offense; and an additional mandatory special assessment of $100.00, which Defendant has agreed is due to be paid at the time of sentencing. Defendant was also advised of the possibility of restitution, forfeiture, and the potential for immigration consequences including deportation. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

4. Defendant also acknowledged that he agreed to the forfeiture of any property used or intended to be used in the charged offenses and any property derived from such violations, including specific assets identified in the plea agreement. Defendant acknowledged that he will cooperate with the Government for the forfeiture and recovery of all assets identified by the Government as subject to forfeiture. Defendant also acknowledged that he understood that he is waiving all Constitutional, legal and equitable defenses to the forfeiture, including excessive fines

under the Eighth Amendment to the United States Constitution, and that he is waiving any applicable time limits for forfeiture proceedings as well as the right to appeal the forfeiture. The Government agreed to prepare a proposed preliminary order of forfeiture and to provide a copy to defense counsel for comment before filing with the Court.

5. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crimes charged. The Government's factual proffer in support of the plea agreement was filed with the Court. [ECF No. 19].

6. The parties entered into a written plea agreement that was thereafter filed with the Court. [ECF No. 18].

7. I reviewed the written plea agreement on the record, and Defendant acknowledged that he had reviewed the entire agreement with counsel before he signed it. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant also indicated that he has reviewed discovery with his counsel.

8. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

9. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts 1 and 9 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of those offenses as charged.

10. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing has been set by separate order. [ECF No. 13].

As I advised the Parties in open court, the parties will have fourteen (14) calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 2nd day of March 2022.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc:  The Honorable James Lawrence King
     All Counsel of record